# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAROLD JACKSON** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 17-2459** |
| **v.** | : | |
| | : | |
| **BURLINGTON COAT FACTORY,** | : | |
| *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                    AUGUST 17, 2017

# MEMORANDUM OPINION

**INTRODUCTION**

Presently before this Court is a *motion to remand*, [ECF 5], filed by Plaintiff Harold Jackson ("Plaintiff"), which seeks the return of this matter to the Court of Common Pleas of Philadelphia County, where it was originally filed. Plaintiff, who is a citizen of Pennsylvania, contends that this matter was improperly removed on the basis of diversity jurisdiction because one of the named defendants, Defendant Ken Keen ("Defendant Keen"), is also a Pennsylvania citizen. The Burlington Defendants,[1] which removed this action, oppose the motion and argue that Defendant Keen was "fraudulently joined" for the purpose of destroying federal diversity jurisdiction. The issues raised by the parties' respective filings have been fully briefed. Therefore, the motion to remand is ripe for disposition.

For the reasons stated herein, Plaintiff's motion to remand is denied.

---

[1] Plaintiff named as defendants Burlington Coat Factory, Burlington Stores, Inc., Burlington Coat Factory Warehouse Corporation (collectively, the "Burlington Defendants") and Ken Keen.

## BACKGROUND

Plaintiff commenced this personal injury action in state court on April 3, 2017, by filing a complaint premised on negligence. An amended complaint was filed on May 12, 207. (*See* Notice of Removal at ¶¶2-3). In the amended complaint, Plaintiff alleges that on January 8, 2016, while patronizing the Burlington Coat Factory store located at 1035 Market Street, Philadelphia, Pennsylvania, he attempted to walk up an escalator that was not running when he fell and injured his left knee, neck, and back. Plaintiff asserts that the Burlington Defendants and Defendant Keen, who is alleged to have been the manager of the Burlington Coat Factory store in which Plaintiff was injured, are jointly and severally liable to Plaintiff for the injuries he suffered.

On May 31, 2017, the Burlington Defendants timely removed Plaintiff's case to federal court pursuant to 28 U.S.C. §1441. In the notice of removal, the Burlington Defendants contend that Plaintiff "fraudulently joined" Defendant Keen solely as a means to defeat federal diversity jurisdiction.[2] (*Id*. at ¶¶28-29). Specifically, they argue that Plaintiff has failed to allege a colorable and/or legally viable claim against Defendant Keen under applicable Pennsylvania law and, therefore, this Court can disregard Defendant Keen's Pennsylvania citizenship for purposes of exercising diversity jurisdiction.[3] In response, Plaintiff has moved to remand this case to state court and argues that Defendant Keen was not "fraudulently joined."

---

[2] Absent Defendant Keen, it is undisputed that complete diversity of citizenship exists for purposes of 28 U.S.C. §1332 jurisdiction since the Burlington Defendants are considered citizens of Delaware and New Jersey, and Plaintiff is a citizen of Pennsylvania. The parties also do not dispute that the amount in controversy exceeds $75,000.00.

[3] In their response to Plaintiff's motion to remand, the Burlington Defendants also argue that Defendant Keen has not yet been properly served with the amended complaint and, therefore, the removal was proper pursuant to 28 U.S.C. §1441. Because this Court concludes that Defendant Keen has been

**LEGAL STANDARD**

Removal of a civil action from state to federal court is proper only if the action initially could have been brought in federal court. 28 U.S.C. §1441(a). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). District courts have original jurisdiction over all civil actions involving citizens of different states where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332(a). To ascertain jurisdiction, individuals are deemed to be citizens of the state wherein they reside, *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 181 (3d Cir. 2008), while a

---

fraudulently joined in this action, it need not, and will not address, in substance, this improper service argument. However, this Court feels compelled to address a concerning, collateral issue raised by way of the Burlington Defendants' service argument; *to wit*, defense counsel's admitted lack of authorization to represent Defendant Keen in either the state court proceedings or these federal proceedings.

To overcome the likely waiver of the improper service defense, defense counsel now contends (and Defendant Keen confirms by way of an affidavit) that neither he nor his firm was authorized to enter an appearance on behalf of Defendant Keen or to file preliminary objections on Defendant Keen's behalf in the state court proceedings. Defense counsel relies upon this erroneous entry of appearance on behalf of Defendant Keen in the state court proceedings to support the argument that Defendant Keen has not been properly served and has not waived improper service as a ground for dismissal. Defense counsel even goes so far as to assert that his firm still does not represent Defendant Keen but intends to represent him "once he has been properly served." Notwithstanding defense counsel's apparent recognition of and, in fact, reliance on the lack of authority to represent Defendant Keen in both the state court proceedings and these federal proceedings (until Defendant Keen "has been properly served"), defense counsel continues to hold himself out as Defendant Keen's legal counsel by way of the filings in this Court. Indeed, in the very papers in which counsel concedes that he was not, and is not *yet*, authorized to represent Defendant Keen, and in every paper that defense counsel filed in this matter, counsel identifies himself and/or his firm as counsel to Defendant Keen. For example, defense counsel includes "Ken Keen" in the title to *every* document and in the list of clients represented in *every* signature block of every paper filed in this matter. Defense counsel also repeatedly, expressly represents that the papers were being filed by both the Burlington Defendants "and Ken Keen, *by and through their counsel* . . . ." (emphasis added). Further, every certificate of service identifies John T. Asher, III, as "***attorney for*** . . . ***Ken Keen***." (emphasis added). These misrepresentations, even if the result of mere oversight and/or sloppy proofreading, are inexplicable, and defense counsel is advised to promptly fix this continued unauthorized representation of Defendant Keen.

corporation is deemed a citizen of every state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. §1332(c)(1). Under the forum defendant rule, a civil action that is "otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. §1447(c). As will be discussed more fully below, the citizenship of a defendant that has been "fraudulently joined" should be disregarded for purposes of determining the existence of diversity jurisdiction. *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). The party removing the case bears the burden of showing that federal jurisdiction is proper at all stages of the litigation. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

**DISCUSSON**

Plaintiff seeks to remand this matter pursuant to the forum defendant rule and because diversity jurisdiction is lacking as both Plaintiff and Defendant Keen are citizens of Pennsylvania. The Burlington Defendants argue, however, that this Court should disregard the citizenship of Defendant Keen for jurisdictional purposes because he has been "fraudulently joined;" meaning that Plaintiff has failed to state a viable and/or colorable claim against Defendant Keen under applicable Pennsylvania law.

In the diversity jurisdiction context, the doctrine of fraudulent joinder serves as an exception to the requirement that removal be predicated solely upon complete diversity. *In re Briscoe,* 448 F.3d at 215-16. This doctrine of fraudulent joinder prevents a plaintiff from joining non-diverse defendants with no real connection or interest to the controversy in order to defeat

4

federal removal jurisdiction. *Id.* A removing party (such as the Burlington Defendants) who asserts that the plaintiff has fraudulently joined a party in order to destroy diversity jurisdiction carries "a heavy burden of persuasion." *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1012 n.6 (3d Cir. 1987).

A district court may base a finding of fraudulent joinder on factual or legal grounds. *In re Zoloft Prods. Liab. Litig.*, 2013 WL 6050627, at *1 (E.D. Pa. Nov. 14, 2013). Such a finding is appropriate "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). A claim is colorable if it is not "wholly insubstantial and frivolous" in light of the relevant law. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). When evaluating fraudulent joinder, the district court "must resolve all contested issues of substantive fact . . . and . . . any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer*, 913 F.2d at 111 (citations omitted). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (citation omitted). A court should not find a joinder fraudulent "[s]imply because [it] come[s] to believe that, at the end of the day, a state court would dismiss the allegations against a defendant for failure to state a cause of action." *Kallman v. Aronchick*, 2013 WL 5964444, at *5 (E.D. Pa. Nov. 8, 2013) (quoting *Lyall v. Airtran Airlines, Inc.,* 109 F. Supp. 2d 365, 367-68 (E.D. Pa. 2000)). Rather, a finding of fraudulent joinder is usually reserved for situations where recovery from the non-diverse defendant is a clear legal impossibility. *West v. Marriott Hotel Servs., Inc.,* 2010 WL 4343540, *3 (E.D. Pa. Nov. 2, 2010) (quotations omitted). "Fraudulent

joinder should not be found simply because plaintiff has a weak case against a non-diverse defendant." *Id.*; *see Boyer,* 913 F.2d at 111.

Here, the issue is whether Plaintiff has pled a reasonable basis in fact and/or a colorable ground supporting his negligence claim against Defendant Keen or if the claim pled is "wholly insubstantial and frivolous." If it is determined that the joinder of Defendant Keen was fraudulent, his Pennsylvania citizenship can be disregarded, and this Court can assume and retain jurisdiction over this matter and dismiss Defendant Keen from this action. *See In re Briscoe,* 448 F.3d at 216. On the other hand, if it is determined that there is no jurisdiction over the action because the joinder of Defendant Keen was not fraudulent, the case must be remanded to state court. *Id.* (citing 28 U.S.C. §1447(c)). The Burlington Defendants maintain that Plaintiff's negligence claim against Defendant Keen is legally deficient because Plaintiff has not alleged facts sufficient to satisfy the requirements of Pennsylvania's "participation theory," the only viable theory under which a corporate manager, such as Defendant Keen, could be personally liable for negligence.[4] This Court agrees.

In *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86 (Pa. 1983), the Pennsylvania Supreme Court confirmed that Pennsylvania law recognizes the participation theory as a basis of liability for the manager of a corporation. *Id.* at 90; *see also Moore v. Johnson & Johnson*, 907 F. Supp.

---

[4] While ordinarily a district court exercising diversity jurisdiction must undertake a choice of law analysis to determine which state's substantive law to apply to the plaintiff's claims, federal courts "cannot engage in a choice of law analysis where diversity jurisdiction is not first established." *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 33 n.10 (3d Cir. 1985). A district court assessing the viability of state law claims at the fraudulent joinder stage "should instead apply the body of law suggested by the plaintiff, so long as that choice of law is itself colorable." *Moore v. Johnson & Johnson*, 907 F. Supp.2d 646, 662 (E.D. Pa. 2012). Though Plaintiff's various filings are silent as to what state's substantive law Plaintiff believes applies here, there appears to be no dispute as to the application of Pennsylvania law. Moreover, Plaintiff is a Pennsylvania citizen and his injury occurred in this state, allegedly caused by the negligence of Defendants. It appears, therefore, that Pennsylvania law would apply to Plaintiff's alleged negligence claims against Defendants. This Court will, therefore, analyze whether Plaintiff's claim against Defendant Keen is colorable under Pennsylvania law.

2d 646, 663 (E.D. Pa. 2012); *Sherfey v. Johnson & Johnson*, 2014 WL 715518, at *6 (E.D. Pa. Jan. 29, 2014). Under this theory, a corporate officer/manager can be held personally liable for participating in the tortious activity of the company, but only where the manager "specifically direct[s] the particular act to be done or participate[s], or cooperate[s] therein." *Wicks*, 470 A.2d. at 90 (quotation marks and citation omitted); *see also Shay v. Flight C. Helicopter Servs., Inc.*, 822 A.2d 1, 17-20 (Pa. Super. Ct. 2003). Under the participation theory, a manager can be personally liable for his own "misfeasance," *i.e.*, the "improper performance of an act," but not for mere "nonfeasance," *i.e.*, "the omission of an act which a person ought to do." *Brindley v. Woodland Village Rest., Inc.*, 652 A.2d 865, 868 (Pa. Super. Ct. 1995) (relying on *Wicks*). "[T]he mere averment that a corporate officer should have known the consequences of the liability-creating corporate act is . . . insufficient to impose liability." *Wicks*, 470 A.2d at 90.

The precise issue here, therefore, is whether Plaintiff has alleged sufficient facts to show that Defendant Keen committed misfeasance, rather than mere nonfeasance. If only nonfeasance has been alleged, *i.e.*, Defendant Keen's mere omission or failure to act, Plaintiff has not alleged a viable claim against Defendant Keen. A careful review of the amended complaint reveals that it is devoid of any allegation that the existing dangerous condition, *i.e.*, the broken escalator, was the "result of an active, knowing participation by" Defendant Keen. *Brindley*, 652 A.2d at 870. At most, the amended complaint alleges that as the manager in charge of the store, Defendant Keen was responsible for its condition, (*see* Comp. at ¶¶9, 11), and that he had either actual or constructive knowledge of the broken escalator. (*See id.* at ¶¶26-27). The complaint includes a laundry list of allegations or actions which Defendant Keen failed or omitted to take. (*See id*. at ¶32). For example, Plaintiff alleges that Defendant Keen:

> fail[ed] to exercise all measures necessary . . . fail[ed] to timely and adequately inspect . . . fail[ed] to timely and adequately

> maintain . . . fail[ed] to timely and adequately conduct necessary repairs . . . fail[ed] to timely and adequately repair, replace, remedy and warn . . . fail[ed] to block rope off and prevent . . . .

(*Id*. at ¶32(a)-(g)). While Plaintiff's list contains additional alleged "failures," such failures or omissions constitute, at best, nonfeasance on the part of Defendant Keen. Nowhere, does Plaintiff allege that Defendant Keen "specifically directed the particular act" or acts that caused Plaintiff's injuries. *Wicks*, 470 A.2d at 90. Plaintiff alleges only that it was Defendant Keen's lack of action or omissions that led to the broken escalator or Plaintiff's exposure to it. Such allegations do not rise to the requisite level of actionable misfeasance under Pennsylvania law to support personal liability under the participation theory.

Consequently, this Court finds that Plaintiff has failed to assert a viable or colorable negligence claim against Defendant Keen personally. As such, Defendant Keen has been "fraudulently joined," his citizenship is disregarded, and the claims against him are dismissed. Therefore, Plaintiff's motion to remand is denied, and this Court retains jurisdiction over this action.

**CONCLUSION**

For the reasons stated herein, Plaintiff's motion to remand is denied. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.